FRED J. KIESEL AND OTHERS, RESPONDENTS, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

ATTACHMENT.—LEVY—STOPPAGE IN TRANSITU.—Under a Montana Statute providing that "personal property capable of manual delivery shall be attached by taking it into custody," two barrels of whisky consigned to B. at Butte, Montana, were in defendant's warehouse at Butte, September 1st, where a writ of attachment and notice of garnishment were served on defendant's agent, but no manual delivery was had until September 9th. On September 5th, B. became insolvent. On September 6th, plaintiff served notice of stoppage *in transitu* on defendant's agent at Ogden, Utah, which reached defendant's agent at Butte, Montana, on September 8th. No claim was made that goods were not capable of manual delivery. *Held* that the right of stoppage *in transitu* prevailed over the attempted levy by an attachment.

Appeal from a judgment and an order refusing a new trial, of the district court of the first district. The facts appear in the opinion of the court.

*Mr. Parley L. Williams* and *Mr. Waldemar Van Cott,* for the appellant.

*Mr. A. R. Heywood,* for the respondent.

JUDD, J.

The facts which are necessary to a correct understanding and determination of this case may be briefly stated as follows: Plaintiff sold at Ogden City, Utah, two barrels of whisky to Frank Butler and shipped said whisky by defendant's line of road to the consignee at Anaconda, and it

was put into the defendant's warehouse prior to September 1st. On the day last named a creditor of Butler sued out an attachment under the laws of Montana; which was intended to be and operate both as an attachment and garnishment. This writ went into the hands of a constable, and on the day of its issuance he left a copy of the writ, together with a garnishment notice, with the defendant's agent at Anaconda. The notice is as follows: "Garnishee.—Territory of Montana, County of Deer Lodge—ss. Mr. S. D. Beebe: You are hereby notified that all goods, wares, merchandise, moneys or property of any description whatever, now in your hands or under your control, belonging to defendant, Frank Butler, is this day levied upon by virtue of the annexed writ. You are also notified not to pay over, transfer, or dispose of any of said property to anyone but myself, under penalty of law. Dated the first day of Sep., 1887. F. M. Fox, Constable." The manner in which the agent of the defendant at Anaconda describes the execution of the attachment by the constable is best put in his own language, at pages 18 and 19 of the transcript: "Notices of attachment were served upon me in my private office, but not in the warehouse where the whisky was. Had charge of several departments, and the whisky was in a separate one. Did not go with the officer to look at the whisky, but think he must have done so, or he would not have known it was there. Did not know what the officer did about it, more than is stated above. September 9, 1887, the officer came and said: 'I've come to take them goods;' and I said: 'The charges must be paid, and I only deliver them on protest, and I will endorse on this expense bill;' and then the officer receipted for the whisky, paid the charges, and took it away. When the officer paid the charges he took the bill to the warehouseman, and on the presentation thereof obtained his key. The business must be done in this way according to my instruction. * * * Made no effort to reship the whisky to Ogden, as I recognized no power stronger than the writ."

On or about the 5th day of September—four days before the delivery of the whisky to the officer above detailed—the said Butler became and was insolvent, and, upon

learning of this as also of the attachment proceedings, the plaintiff, on the 6th day of September, delivered to the defendant's agent at Ogden, a written notice describing said whisky; that is, he notified said defendant not to deliver said whisky at Anaconda, but hold the same. This notice was received by the agent at Anaconda on the 8th by mail, though it could have been sent at once by telegraph.

The statutes of Montana which prescribe the mode of levying and attachment are put in evidence and are as follows:

"Sec. 186. The Sheriff to whom the writ is directed shall execute the same without delay, as follows:

"Third. Personal property capable of manual delivery shall be attached by taking it into custody.

"Fifth. Debts and credits, and other personal property not capable of manual delivery, shall be attached by leaving with the person owing such debts, or having in his possession, or under his control, such credits and other personal property, or with his agent, a copy of the writ, a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control belonging to the defendant, are attached in pursuance of such writ."

"Sec. 188. Upon receiving information in writing from plaintiff or his attorney, that any person has in his possession, or under his control, any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, the Sheriff shall serve upon such person a copy of the writ, and a notice that such credits or other property or debts, as the case may be, are attached in pursuance of such writ."

"Sec. 189. All persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of the writ and notice as provided in the last section, shall be, unless such property be delivered up or transferred, or such debts be paid to the Sheriff, liable to the plaintiff for the amount of such credits, property or debt, until the attachment be

discharged, or any judgment recovered by him be satisfied."

It has been seen that this whisky remained in the warehouse of the defendant company up to September the 9th, and that the notice of stoppage *in transitu* was given to defendant the 6th. There is no pretense that the officer who executed the writ of attachment could not have taken the whisky "into custody" by paying charges and removing it, as he finally did do before the 9th of September. The law is elementary that the consignor of goods, upon · the insolvency of the consignee, has the right to stop them while they are *in transitu*, upon giving notice to that effect to the carrier. This right of the consignor is subject, however, to certain exceptions, one .of which is where the goods are seized by an officer and taken out of the possession of the carrier before the notice of stoppage is given by the consignor. In this case there was no seizing of the goods. The officer did not pretend to levy his attachment other than by a mere notice, which is not sufficient. The levy of an attachment can only be made, where the property is capable of manual delivery," says the Montana statute, by taking the goods or property "into custody." This statute is nothing but an enactment of the common law The trial judge charged the jury in conformity with this opinion, and we are satisfied that the justice of the case has been reached. Let the judgment of the court below be affirmed.

SANDFORD, C. J. and BOREMAN, J., concurred.